# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :

   v.                              :

                                                      Criminal No. DKC-08-0115

AARON TIMOTHY McCOWN              :

. . . . . . . . .o0o. . . . . . . .
## MEMORANDUM

Before the court is a Motion to Reduce or Reconsider Sentence filed by defendant Aaron Timothy McCown, a federal prisoner. In his motion, Defendant requests reconsideration of his sentence based on his positive utilization of incarceration by completing programs offered by the Bureau of Prisons. The court has, under separate cover, received several character letters in support of Defendant's motion. For the reasons that follow, Mr. McCown is not entitled to relief, and the motion will be denied.

On May 12, 2008, this court sentenced Mr. McCown to 78 months incarceration for knowingly receiving an explosive. Mr. McCown did not appeal this judgment nor did he move to vacate this sentence.

Pursuant to 18 U.S.C. § 3582(c), a court may modify a sentence only: 1) upon motion of the Director of the Bureau of Prisons, if "extraordinary and compelling reasons" exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. The instant motion is not brought by the Director of the Bureau of Prisons and Mr. McCown has not presented "extraordinary and compelling reasons" warranting the requested relief. Along with his motion, he has filed certificates of successful completion of prison education programs. While the court commends these

accomplishments, there simply is no authority for the court to reduce a sentence under these circumstances.

Nor is he eligible for relief under Rule 35. Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." [1] This court imposed Mr. McCown's sentence in 2008; thus, his present motion is untimely under this provision. Rule 35(b) provides for reduction of sentence "[u]pon the government's motion" based on a defendant's providing "substantial assistance in investigating or prosecuting another person." The instant motion is not brought by the government, and does not allege that Mr. McCown is entitled to a sentence reduction

---

[1] Fed. R. Crim P. 35 provides:
  Correcting or Reducing a Sentence
  (a) Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
  (b) Reducing a Sentence for Substantial Assistance.
    (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
    (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
    (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
    (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
    (A) information not known to the defendant until one year or more after sentencing;
    (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
    (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
    (3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
    (4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
  (c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

based upon assistance provided to the government. Therefore, Rule 35(b) does not provide a basis for reducing his sentence.

Because Mr. McCown's motion provides no basis upon which to reduce or reconsider his sentence, it will be denied by separate order.

     October 20, 2010                                      /s/               
Date                                                    DEBORAH K. CHASANOW
                                                         United States District Judge